**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Easycare Pharmacy LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **81-2809408** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **7320 Woodlake Avenue**<br>**Suite 100**<br>**West Hills, CA 91307** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.optiorx.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Easycare Pharmacy LLC**                                      Case number (*if known*)
_____
Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

       **4242**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District _____ When _____ Case number _____

District _____ When _____ Case number _____

Debtor   **Easycare Pharmacy LLC**                                    Case number (*if known*) _____
         Name

**10. Are any bankruptcy cases**
  **pending or being filed by a**      ☐ No
  **business partner or an**           ■ Yes.
  **affiliate of the debtor?**

List all cases. If more than 1,
attach a separate list          Debtor   **See Attached Schedule** _____   Relationship _____

                                District _____   When _____   Case number, if known _____

**11. Why is the case filed in**    *Check all that apply:*
  ***this district?***
                          ☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
                              preceding the date of this petition or for a longer part of such 180 days than in any other district.

                          ■   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or**      ■ No
  **have possession of any**         ☐ Yes.
  **real property or personal**              Answer below for each property that needs immediate attention. Attach additional sheets if needed.
  **property that needs**
  **immediate attention?**
                                    **Why does the property need immediate attention?** (*Check all that apply.*)

                                    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                       What is the hazard? _____

                                    ☐ It needs to be physically secured or protected from the weather.

                                    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                                       livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
                                    ☐ Other _____
                                    **Where is the property?** _____
                                                              Number, Street, City, State & ZIP Code
                                    **Is the property insured?**
                                    ☐ No
                                    ☐ Yes.   Insurance agency _____
                                             Contact name _____
                                             Phone _____

---

■■■ **Statistical and administrative information**

**13. Debtor's estimation of**    .   *Check one:*
  **available funds**
                          ■ Funds will be available for distribution to unsecured creditors.

                          ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of**    ☐ 1-49                ☐ 1,000-5,000           ☐ 25,001-50,000
  **creditors**                ☐ 50-99               ☐ 5001-10,000           ☐ 50,001-100,000
                               ■ 100-199             ☐ 10,001-25,000         ☐ More than100,000
                               ☐ 200-999

**15. Estimated Assets**      ☐ $0 - $50,000              ■ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                              ☐ $50,001 - $100,000        ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                              ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                              ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

---

Debtor    **Easycare Pharmacy LLC**
Name

Case number (*if known*)

**16.** **Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Easycare Pharmacy LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 7, 2024**
               MM / DD / YYYY

**X** **/s/ Leo LaFranco**                                          **Leo LaFranco**
Signature of authorized representative of debtor                    Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**

**X** **/s/ William E. Chipman, Jr.**              Date    **June 7, 2024**
Signature of attorney for debtor                           MM / DD / YYYY

**William E. Chipman, Jr.**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 295-0191**    Email address    **chipman@chipmanbrown.com**

**3818 DE**
Bar number and State

## SCHEDULE 1 — AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended, substantially contemporaneously with the filing of this petition.

|     | DEBTOR'S NAME | DEBTOR'S EIN | STATE OF INC. |
| --- | --- | --- | --- |
| 1. | Optio Rx, LLC | 82-5158436 | Delaware |
| 2. | Braun Pharma, LLC | 26-0866643 | Illinois |
| 3. | HCP Pharmacy LLC | 82-5255216 | Delaware |
| 4. | Pet Apothecary LLC | 83-2024315 | Delaware |
| 5. | The Pet Apothecary LLC | 39-1956074 | Wisconsin |
| 6. | Crestview Holdings, LLC | 83-2511907 | Delaware |
| 7. | Crestview Pharmacy, LLC | 59-3718091 | Florida |
| 8. | Dr. Ike's PharmaCare LLC | 83-3812237 | Delaware |
| 9. | Enovex Pharmacy LLC | 83-3830693 | Delaware |
| 10. | H&H Pharmacy LLC | 83-3856793 | Delaware |
| 11. | SMC Pharmacy LLC | 83-3145428 | Delaware |
| 12. | SMC Lyons Holdings LLC | 83-3185441 | Delaware |
| 13. | SBH Medical LLC | 84-2663260 | Delaware |
| 14. | SBH Medical, Ltd. | 31-1763230 | Ohio |
| 15. | Rose Pharmacy RM LLC | 84-4544205 | Delaware |
| 16. | Rose Pharmacy SA LLC | 84-4505738 | Delaware |
| 17. | Rose Pharmacy SF LLC | 84-4501438 | Delaware |
| 18. | Baybridge Pharmacy, LLC | 84-3875518 | Delaware |
| 19. | Central Pharmacy, LLC | 84-3906195 | Delaware |
| 20. | Pro Pharmacy, LLC | 84-3916299 | Delaware |
| 21. | Healthy Choice Compounding LLC | 38-3678770 | New York |
| 22. | Healthy Choice Compounding LLC | 85-2021745 | Delaware |
| 23. | Oakdell Compounding Pharmacy LLC | 74-2387537 | Texas |

| | DEBTOR'S NAME | DEBTOR'S EIN | STATE OF INC. |
|---|---|---|---|
| 24. | Concierge Pharmacy LLC | 30-0975410 | California |
| 25. | Firstcare Pharmacy LLC | 47-5351203 | California |
| 26. | Easycare Pharmacy LLC | 81-2809408 | California |
| 27. | Primecare Pharmacy LLC | 47-5117645 | California |

ii

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-xxxxx (xxx) |
| Debtors.[1] | (*Joint Administration Pending*) |

**DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), to the best of their knowledge, information, and belief, hereto state as follows:

1.      Debtor Optio Rx, LLC is wholly owned by CBC Pharma HoldCo, LLC.

2.      Each remaining Debtor is wholly owned by its respective parent entity that holds 100% of such Debtor's membership interests.  The remaining Debtors in these chapter 11 cases are listed with their respective parent entities, together with the nature of their equity interests, in the following table:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

| Debtor | Kind/Class Of Interest (Member Interest) | Name of Interest Holder & Percentage Of Interests Held |
|---|---|---|
| Optio Rx, LLC | Membership Interests | 100% owned by:<br><br>CBC Pharma HoldCo, LLC<br>1420 Kensington Rd, Suite 102<br>Oak Brook, IL 60523-2143 |
| Braun Pharma, LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| HCP Pharmacy LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Pet Apothecary LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| The Pet Apothecary LLC | Membership Interests | 100% owned by Pet Apothecary LLC |
| Crestview Holdings, LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Crestview Pharmacy, LLC | Membership Interests | 100% owned by Crestview Holdings, LLC |
| Dr. Ike's PharmaCare LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Enovex Pharmacy LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| H&H Pharmacy LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| SMC Pharmacy LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| SMC Lyons Holdings LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Concierge Pharmacy LLC | Membership Interests | 100% owned by SMC Lyons Holdings LLC |
| FirstCare Pharmacy LLC | Membership Interests | 100% owned by SMC Lyons Holdings LLC |
| Easycare Pharmacy LLC | Membership Interests | 100% owned by SMC Lyons Holdings LLC |
| Primecare Pharmacy LLC | Membership Interests | 100% owned by SMC Lyons Holdings LLC |
| SBH Medical LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| SBH Medical, Ltd. | Membership Interests | 100% owned by SBH Medical LLC |
| Rose Pharmacy RM LLC | Membership Interests | 100% owned by Optio Rx, LLC |

| Debtor | Kind/Class Of Interest (Member Interest) | Name of Interest Holder & Percentage Of Interests Held |
|---|---|---|
| Rose Pharmacy SA LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Rose Pharmacy SF LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Baybridge Pharmacy, LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Central Pharmacy, LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Pro Pharmacy, LLC | Membership Interests | 100% owned by Optio Rx, LLC |
| Healthy Choice Compounding LLC[2] | Membership Interests | 100% owned by Optio Rx, LLC |
| Healthy Choice Compounding LLC[3] | Membership Interests | 100% owned by Healthy Choice Compounding LLC[4] |
| Oakdell Compounding Pharmacy LLC | Membership Interests | 100% owned by Optio Rx, LLC |

---

[2] Healthy Choice Compounding LLC, a Delaware limited liability company.
[3] Healthy Choice Compounding LLC, a New York limited liability company.
[4] Healthy Choice Compounding LLC, a Delaware limited liability company.

**Fill in this information to identify the case:**

Debtor name   Optio Rx, LLC

United States Bankruptcy Court for the: _____ District of  Delaware
                                                             (State)

Case number (If known):   _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | **Aves Management LLC** 150 North Riverside Plaza Ste 5200 Chicago, IL 60606 | P: 312-705-0754 F: finance@avescap.com | Subordinated Noteholders | | | | **$73,809,453.52** |
| 2 | **Baybridge** 1981 Marcus Ave Ste C129 New Hyde Park, NY 11042 | Attn: Greg Savino P: 888-927-3499 F: greg.savino@yahoo.com | Seller Note | | | | **$13,160,000.00** |
| 3 | **Pro-Yuriy Davydov** 21715 85th Ave Queens Village, NY 11427-1412 | P: F: adavy830@yahoo.com | Seller Note | | | | **$3,810,000.00** |
| 4 | **SBH - Rob Hirsch** 5202 Sand Lake Ct Sarasota, FL 34238-4005 | P: F: hirshrj@aol.com | Seller Note | | | | **$2,989,900.43** |
| 5 | **Healthy Choice** 150 W End Ave Apt 24L New York, NY 10023-5748 | Attn: Phil Altman P: F: wholerx.com | Seller Note | | | | **$2,653,285.10** |
| 6 | **Pharmcare** 16662 Pineridge Dr Granada Hills, CA 91344-1848 | Attn: Ayk Dzhragatspanyan P: 818-419-2514 F: | Seller Note | | | | **$2,643,864.00** |
| 7 | **Central-Yuriy Davydov** 21715 85th Ave Queens Village, NY 11427-1412 | P: F: adavy830@yahoo.com | Seller Note | | | | **$1,830,000.00** |
| 8 | **H&H** 16662 Pineridge Dr Granada Hills, CA 91344-1848 | Attn: Ayk Dzhragatspanyan P: 818-419-2514 F: | Seller Note | | | | **$1,519,005.70** |

Debtor    **Optio Rx, LLC**
_____
Name

Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Crestview-Bryan Henderson/Hal Densman** 3084 Whitley Oaks Ln Pace, FL 32571-6772 349 S Garcon Point Rd Milton, FL 32583-7314 | P: F: | Seller Note | | | | $654,324.00 |
| 10 | **Arcutis Biotherapeutics Inc** 3027 Townsgate Road Suite 300 Westlake Village, CA 91361 | P: 805-418-5006 F: information@arcutis.com | Trade Vendor | | | | $586,485.90 |
| 11 | **Rose SF-Trang TERI Hoang & Peter Chu  (Thang Tat Chu)** 5 Sky MDW Coto DE Caza, CA 92679 | P: 714-329-9697 F: | Seller Note | | | | $514,884.23 |
| 12 | **ICS Direct** 12601 Collection Center Drive Chicago, IL 60693 | P: F: titlecash@icsconnect.com | Trade Vendor | | | | $441,954.33 |
| 13 | **FFF  Enterprises Inc** 44000 Winchester Road Temecula, CA 92590 | P: 800-843-7477 F: 800-418-4333 fffinfo@fffenterprises.com; bwemple@fffenterprises.com | Trade Vendor | | | | $374,471.34 |
| 14 | **Mayne Pharma  - 128B** PO Box 603644 Charlotte, NC 28260-3644 | P: 919-922-0561 F: us.ar.remit@maynepharma.com | Trade Vendor | | | | $230,544.13 |
| 15 | **Troutman Pepper Hamilton Sanders LLP** 1313 Market Street, Suite 5100 Hercules Plaza Wilmington, DE 19801 | P: 302-777-6500 F: kathleen.sawyer@troutman.com | Professional Fees | Disputed | | | $222,676.20 |
| 16 | **Enovex** 16662 Pineridge Dr Granada Hills, CA 91344-1848 | Attn: Ayk Dzhragatspanyan P: 818-419-2514 F: | Seller Note | | | | $181,301.04 |
| 17 | **ARL Bio Pharma, Inc.** 840 Research Parkway Oklahoma City, OK 73104 | P: 717-829-6448 F: info@arlok.com | Trade Vendor | | | | $101,544.00 |
| 18 | **Virtus Pharmaceuticals LLC** PO Box 947177 Atlanta, GA 30394-7177 | P: 267-938-4850 F: 813-283-1354 arcash@eversana.com | Trade Vendor | | | | $101,430.00 |
| 19 | **Oakdell-Jeff Carson** 31120 Knotty Grove Boerne, TX 78015 | P: 210 240-8316 F: crocea411@yahoo.com | Seller Note | | | | $78,590.77 |
| 20 | **Plante Moran PLLC - 1725** 16060 Collections Center Dr Chicago, IL 60693 | P: 248-352-2500 F: 248-352-0018 tom.risi@plantemoran.com | Trade Vendor | | | | $55,000.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **INCYTE** 12601 Collection Center Drive Chicago, IL 60693 | P: F: ir@incyte.com | Trade Vendor | | | | **$44,417.52** |
| 22 | **BSD Construction, Inc.** 8369 Vickers Street #100 San Diego, CA 92111 | P: 858-657-9186 F: 858-657-0914 info@bsdbuilders.com | Trade Vendor | | | | **$34,670.74** |
| 23 | **Constangy, Brooks, Smith & Prophete, LLP - 7070** PO Box 102476 Atlanta, GA 30368-0476 | P: 404-230-6002 F: nwasser@constangy.com | Trade Vendor | | | | **$32,555.20** |
| 24 | **Forte Bio-Pharma LLC - 8744** PO Box 29650 Dept 880412 Phoenix, AZ 85038-9650 | P: 833-336-7837 F: 833-336-7837 francisco.torres@fortebiopharma.com | Trade Vendor | | | | **$29,152.06** |
| 25 | **Journey Medical Corporation - 5894** 9237 East Via De Ventura Suite 105 | P: 973-349-7497 F: journeymedicalar@icsconnect.com | Trade Vendor | | | | **$17,644.32** |
| 26 | **PAAS National LLC** 160 Business Park Circle Stoughton, WI 53589 | P: 888-870-7227 F: info@paasnational.com | Trade Vendor | Disputed | | | **$17,089.00** |
| 27 | **Medisca Inc** 626 Tom Miller Road Plattsburgh, NY 12901 | P: F: | Trade Vendor | | | | **$13,819.53** |
| 28 | **FDS, Inc.** 5000 Birch Street, Suite 8500 Newport Beach, CA 92660 | P: 949-757-0400 F: 949-757-0404 info@fdsinc.net | Trade Vendor | | | | **$8,488.62** |
| 29 | **P.C.C.A., INC** 9901 South Wilcrest Dr Houston, TX 77099 | P: 800-331-2498 F: accounting@pccarx.com | Trade Vendor | | | | **$8,345.21** |
| 30 | **Amneal Pharmaceuticals** Lockbox #7979 PO Box 7247 Philadelphia, PA 19170-0001 | P: 833-289-8559 F: 614-652-8349 accountsreceivable@amneal.com | Trade Vendor | | | | **$7,040.00** |

**Fill in this information to identify the case:**

Debtor name    **Easycare Pharmacy LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■    Other document that requires a declaration    **Debtors' Consolidated Corporate Ownership Statement and List of Equity Interest Holders Pursuant to Fed. R. Bankr. P. 1007(a)(1), 1007(a)(3), and 7007.1**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 7, 2024**      X **/s/ Leo LaFranco**
                                              Signature of individual signing on behalf of debtor

                                              **Leo LaFranco**
                                              Printed name

                                              **Chief Financial Officer**
                                              Position or relationship to debtor

**RESOLUTIONS OF THE GOVERNING BODIES OF**
**OPTIO RX, LLC,**
**BRAUN PHARMA, LLC**
**HCP PHARMACY LLC,**
**PET APOTHECARY LLC,**
**THE PET APOTHECARY, LLC,**
**CRESTVIEW HOLDINGS, LLC,**
**CRESTVIEW PHARMACY, LLC,**
**DR. IKE'S PHARMACARE LLC,**
**ENOVEX PHARMACY LLC,**
**H&H PHARMACY LLC,**
**SMC PHARMACY LLC,**
**SMC LYONS HOLDINGS LLC,**
**CONCIERGE PHARMACY LLC,**
**FIRSTCARE PHARMACY LLC,**
**EASYCARE PHARMACY LLC,**
**PRIMECARE PHARMACY LLC,**
**SBH MEDICAL LLC,**
**SBH MEDICAL, LTD.,**
**ROSE PHARMACY RM LLC,**
**ROSE PHARMACY SA LLC,**
**ROSE PHARMACY SF LLC,**
**BAYBRIDGE PHARMACY, LLC,**
**CENTRAL PHARMACY, LLC,**
**PRO PHARMACY, LLC,**
**HEALTHY CHOICE COMPOUNDING LLC,**
**HEALTHY CHOICE COMPOUNDING LLC, AND**
**OAKDELL COMPOUNDING PHARMACY LLC**

**June 7, 2024**

**WHEREAS**, Pharmacy Management LLC ("**Pharmacy Manager**") is the sole manager of Optio Rx, LLC ("**Optio Manager**" or "**Optio Member,**" as applicable);

**WHEREAS**, Optio Manager is the sole manager of each of Braun Pharma, LLC, an Illinois limited liability company; HCP Pharmacy LLC, a Delaware limited liability company; Pet Apothecary LLC, a Delaware limited liability company ("**Pet Apothecary Member**"); The Pet Apothecary, LLC, a Wisconsin limited liability company; Crestview Holdings, LLC, a Delaware limited liability company ("**Crestview Member**"); Crestview Pharmacy, LLC, a Florida limited liability company; Dr. Ike's Pharmacare LLC, a Delaware limited liability company; Enovex Pharmacy LLC, a Delaware limited liability company; H&H Pharmacy LLC, a Delaware limited liability company; SMC Pharmacy LLC, a Delaware limited liability company; SMC Lyons Holdings LLC, a Delaware limited liability company ("**SMC Member**"); Concierge Pharmacy LLC, a California limited liability company; Firstcare Pharmacy LLC, a California limited liability company; Easycare Pharmacy LLC, a California limited liability company; Primecare Pharmacy LLC, a California limited liability company; SBH Medical LLC, a Delaware limited liability company ("**SBH Member**"); SBH Medical, Ltd., an Ohio limited liability company; Rose

Pharmacy RM LLC, a Delaware limited liability company; Rose Pharmacy SA LLC, a Delaware limited liability company; Rose Pharmacy SF LLC, a Delaware limited liability company; Baybridge Pharmacy, LLC, a Delaware limited liability company; Central Pharmacy, LLC, a Delaware limited liability company; Pro Pharmacy, LLC, a Delaware limited liability company; Healthy Choice Compounding LLC, a Delaware limited liability company ("**Healthy Choice Member**" and together with Optio Member, Pet Apothecary Member, Crestview Member, SMC Member and SBH Member, the "**Authorizing Members**"); Healthy Choice Compounding LLC, a New York limited liability company; and Oakdell Compounding Pharmacy LLC, a Texas limited liability company (collectively, the "**Subsidiaries**" and together with Optio Manager, the "**Companies**");

WHEREAS, the Optio Member is the sole member of Braun Pharma, LLC; HCP Pharmacy, LLC; Pet Apothecary Member; Crestview Member; Dr. Ike's Pharmacare LLC; Enovex Pharmacy LLC; H&H Pharmacy, LLC; SMC Pharmacy LLC; SMC Member; SBH Member; Rose Pharmacy RM LLC; Rose Pharmacy SA LLC; Rose Pharmacy SF LLC; Baybridge Pharmacy, LLC; Central Pharmacy, LLC; Pro Pharmacy, LLC; Healthy Choice Member; and Oakdell Compounding Pharmacy LLC;

WHEREAS, the Pet Apothecary Member is the sole member of The Pet Apothecary, LLC;

WHEREAS, the Crestview Member is the sole member of Crestview Pharmacy, LLC;

WHEREAS, the SMC Member is the sole member of each of Concierge Pharmacy, LLC, Firstcare Pharmacy, LLC, Easycare Pharmacy, LLC and Primecare Pharmacy, LLC;

WHEREAS, the SBH Member is the sole member of SBH Medical, Ltd.;

WHEREAS, the Healthy Choice Member is the sole member of Healthy Choice Compounding LLC;

WHEREAS, Pharmacy Manager, Optio Manager, and the Authorizing Members (collectively, the "**Governing Bodies**") have had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company;

WHEREAS, each Governing Body desires to approve the following resolutions;

WHEREAS, Section 5.3 of the Operating Agreement of each Company provides that its Manager or Member, as applicable, may act by written consent in lieu of a meeting;

WHEREAS, Sections 18-301(d) and 18-404(d) of the Delaware Limited Liability Company Act; Sections 6.201 and 101.358 of the Texas Business Organizations Code; Sections 407(a) and 408(c) of the New York Limited Liability Law; Section 15-1(e) of the Illinois Limited Liability Company Act; Sections 605.04073(4) and (5) of the Florida Revised Limited Liability Company Act; Section 183.0407(4) of the Wisconsin Uniform Limited Liability Company Law; Section 1104.07(n)(1) of the California Revised Uniform Limited Liability Company Act; and Section 1706.30(D) of the Ohio Revised Limited Liability Company Act provide that members and managers may act by written consent in lieu of a meeting;

**WHEREAS**, the limited liability company acts of certain states under the laws of which certain Subsidiaries are formed require, or arguably require, member approval to file bankruptcy petitions;

## I.    CHAPTER 11 FILING

**WHEREAS**, the Governing Body of each Company, acting in its capacity as a member and/or manager, as applicable, has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it and the effect of the foregoing on such Company's business, creditors, stakeholders and other parties in interest;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

**WHEREAS**, the Governing Body of each Company has been presented with a proposed voluntary petition (the "**Chapter 11 Petition**") to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents, in each case, in form and substance substantially similar to the form provided to the Governing Bodies as of the date hereof (collectively, the "**Chapter 11 Filings**") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's Chapter 11 case (the "**Bankruptcy Case**"); and

**WHEREAS**, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

**RESOLVED**, that any officer of each Company or its sole member or sole manager, as applicable (each an "**Authorized Person**"), in each case, be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II.   PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and legal and financial advisors of such Company regarding the material terms of a proposed plan of reorganization (the "**Plan**") pursuant to which such Company would, among other things, implement a reorganization of such Company's liabilities and emerge from its Bankruptcy Case;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of a proposed Disclosure Statement (the "**Disclosure Statement**") accompanying the Plan and the contents and disclosures thereof; and

**WHEREAS**, the Governing Body of each Company has determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that such Company, in furtherance of a reorganization of such Company's liabilities and emergence from Chapter 11, file the Plan and Disclosure Statement with the Bankruptcy Court and to solicit acceptances and approvals thereof.

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Body of each Company adopts, ratifies, confirms and approves the form, terms and provisions of, and each of the transactions contemplated by the Plan and the Disclosure Statement, as each may be amended or modified from time to time; and be it further

**RESOLVED**, that each Company's advisors be, and each hereby is, authorized, empowered and directed, on behalf of an in the name of such Company, to prepare, finalize and file, as appropriate, procedures for the solicitation and tabulation of votes to accept or reject the Plan.

## III.   DIP FINANCING

**WHEREAS**, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide such Company with post-petition debtor-in-possession financing, including, but not limited to, a multi-draw term loan facility of $10,000,000.00 (collectively "**DIP Financing**"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Financing (the "**DIP Financing Orders**");

**WHEREAS**, the Governing Body of each Company has been presented with and has reviewed the terms and provisions of a definitive senior secured super-priority debtor-in-possession credit agreement (the "**DIP Financing Agreement**") by and among such Company and certain of its affiliates, as debtors-in-possession, and Funds and vehicles managed by (i) MC Credit Partners LP and (ii) CION Investment Corporation, as First Out Holders under the Prepetition Credit Agreement, and Caprice Capital Partners, LLC (collectively, with the other lenders contemplated by the DIP Financing Agreement, the "**DIP Lenders**") pursuant to which the DIP Lenders have agreed to provide such Company with DIP Financing, which provides for the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

**WHEREAS**, in connection with the DIP Financing Agreement, the DIP Lenders require that each Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of such Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Financing Agreement, subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "**DIP Documents**"); and

**WHEREAS**, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such Company to (i) consummate the transactions contemplated by the DIP Financing Agreement provided to the Governing Body of such Company, and (ii) empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Financing Agreement are hereby, in all respects, authorized, ratified, approved and adopted by the Governing Body of each Company on behalf of such Company; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Financing Agreement and the DIP Documents; and it be further

**RESOLVED**, that Optio Manager be, and hereby is, authorized to borrow and reborrow loans, guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP Financing Agreement and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Authorized Persons may

deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Financing Agreement; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Financing Agreement, the DIP Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

## IV.    RETENTION OF PROFESSIONALS

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firm of Chipman Brown Cicero & Cole, LLP ("**CBCC**"), as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain Paladin Management Group, LLC ("**Paladin**") to serve as financial advisor to such Company, and (iii) Stretto ("**Stretto**") to provide consulting services to such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of such Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain CBCC, Paladin, and Stretto, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "**Professionals**"), and to cause such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination; and be it further

## V.    GENERAL

**RESOLVED**, that Jarlath Johnston is hereby authorized to execute these resolutions on behalf of Optio Rx, LLC in its capacity as Optio Manager and Optio Member;

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of such Company under Chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the

transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person; and be it further

**RESOLVED**, that the Governing Body of such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, guarantees, reaffirmations, additional security documents, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, and the DIP Financing, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of such Company's business; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions.

**[Signature Page Follows]**

      **IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

                PHARMACY MANAGEMENT LLC,
                in its capacity as manager of Optio Rx, LLC

                By:  its Board of Managers

                Jarlath Johnston

      **IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

                         OPTIO RX, LLC, in its capacity as Manager of each Subsidiary

                         By: Jarlath Johnston
                         Its: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

OPTIO RX, LLC, in its capacity as Sole Member of each of Braun Pharma, LLC; HCP Pharmacy LLC; Pet Apothecary LLC; Crestview Holdings, LLC; Dr. Ike's Pharmacare LLC; Enovex Pharmacy LLC; H&H Pharmacy LLC; SMC Pharmacy LLC; SMC Lyons Holdings LLC; SBH Medical LLC; Rose Pharmacy RM LLC; Rose Pharmacy SA LLC; Rose Pharmacy SF LLC; Baybridge Pharmacy, LLC; Central Pharmacy, LLC; Pro Pharmacy, LLC; Healthy Choice Compounding LLC; and Oakdell Compounding Pharmacy LLC

By: Jarlath Johnston
Its: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

PET APOTHECARY LLC, in its capacity as Sole Member of The Pet Apothecary, LLC

By:  Optio Rx, LLC
Its:  Manager

By:  Jarlath Johnston
Its:  Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

CRESTVIEW HOLDINGS, LLC, in its capacity as Sole Member of Crestview Pharmacy, LLC

By:  Optio Rx, LLC
Its:  Manager

By:  Jarlath Johnston
Its:  Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

SMC LYONS HOLDINGS LLC, in its capacity as Sole Member of Concierge Pharmacy, LLC; Firstcare Pharmacy, LLC; Easycare Pharmacy, LLC; and Primecare Pharmacy, LLC

By:  Optio Rx, LLC
Its:  Manager


By:   Jarlath Johnston
Its:  Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

> SBH Medical LLC, in its capacity as Sole Member of SBH Medical, Ltd.
>
> By: Optio Rx, LLC
> Its: Manager
>
> By: Jarlath Johnston
> Its: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

HEALTHY CHOICE COMPOUNDING LLC, in its capacity as Sole Member of Healthy Choice Compounding LLC

By:  Optio Rx, LLC
Its:  Manager

By:  Jarlath Johnston
Its:  Authorized Signatory